# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| KEVIN WATSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CV409-040 |
| | ) |
| AL ST. LAWRENCE, and MEDICAL | ) |
| STAFF UNDER SUPERVISION, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On March 30, 2009, the Court ordered plaintiff to show cause why his case should not be dismissed for his failure to answer truthfully the questions on his civil complaint form which inquired about his prior federal lawsuits.[1] (Doc. 6.) In his response to that Order, plaintiff states that he

---

[1] Question 1(B) on the civil complaint form requires plaintiffs to disclose whether they have brought any other federal lawsuits while incarcerated. (Doc. 1 at 2.) Under penalty of perjury, plaintiff wrote "no." (*Id.*) The Court discovered two federal cases that plaintiff failed to report: *Watson v. Chatham County Jail Med. Dep't*, No. CV402-171 (S.D. Ga. Oct. 25, 2002) (unpublished) (dismissed for failure to exhaust state remedies), and *Watson v. Aldridge*, No. CV402-195 (S.D. Ga. Oct. 17, 2002) (unpublished) (dismissed for failure to state a claim). Question 1(C) asks whether plaintiff filed any *in forma pauperis* lawsuit in federal court that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim. (Doc. 1 at 3.) Watson indicated that the question did not apply to him (*id.*), but *Watson v. Aldridge*, No.

did not remember his earlier cases because of his mental health problems and poor memory, and he states that he thought only cases that were "printed" and "heard" counted, not just any civil case. (Doc. 7.) The questions on the complaint form, however, asked whether he had brought ***"any"*** federal lawsuits, not just lawsuits that had resulted in a trial, hearing, or published opinion. (Doc. 1 at 2 (emphasis added).) Moreover, the fact that he had considered whether his prior cases counted indicates that he did, in fact, remember those cases.[2]

As mentioned in the Court's show cause order, Rule 11(b) of the Federal Rules of Civil Procedure "forbids lying in pleadings, motions, and other papers filed with the court." *Zocaras v.Castro*, 465 F.3d 479, 484 (11th Cir. 2006). And "Rule 11(c) provides for sanctions concerning misrepresentations made in papers filed with the court under Rule 11(b)." *Id.* at 490; *see also* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1335 (3d ed. 2004) (noting that courts

---

CV402-195, was precisely such a lawsuit.

[2] Plaintiff now admits that he filed another case in a New Jersey federal court that was dismissed "back in the nineties," further indicating that his memory is well intact despite his allegation that he is "in the mist of confusion" due to "being tazed 2x" and having his head banged into the wall. (Doc. 7.)

2

have deemed sanctions appropriate to punish various forms of party misconduct). Rule 41(b) "expressly authorizes the involuntary dismissal of a claim for plaintiff's failure to abide by . . . the Federal Rules of Civil Procedure." *Zocaras*, 465 F.3d at 490; *State Exch. Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982).

Plaintiff clearly had not forgotten the fact that he had initiated previous civil suits as a prisoner. His explanation for his failure to disclose any of his federal filing history is unavailing. Based upon plaintiff's dishonesty, this case should be **DISMISSED** without prejudice. *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (noting that the district court did not abuse its discretion by dismissing an action without prejudice where plaintiff "had lied under penalty of perjury about the existence of a prior lawsuit"), *abrogated on other grounds by Jones v. Bock*, 127 S. Ct. 910 (2007); *Williams v. Brown*, No. CV607-045 (S.D. Ga. Oct. 1, 2008) (complaint dismissed for plaintiff's "clear and persistent pattern of deceit in his court filings"); *Gillilan v. Walker*, No. CV106-184, 2007 WL 842020, at *1 (S.D. Ga. Mar. 15, 2007) (dismissing action without prejudice where plaintiff abused the judicial process by providing dishonest information

about his prior filing history).

Plaintiff is advised that there is a price to be paid for those who endeavor to mislead a court, even as to a non-material matter. This time, the consequence is dismissal of the complaint without prejudice (and the incurring of a "strike" pursuant to § 1915(g)).[3] The next time, plaintiff may face more serious sanctions, including not only the dismissal of his action with prejudice, but the imposition of monetary penalties that must be paid prior to the filing of any additional suits. Further, in an appropriate case, the Court may refer any deliberate misstatements made under penalty of perjury to the United States Attorney for prosecution as a criminal contempt (or for lying while under oath).

**SO REPORTED AND RECOMMENDED** this __9th__ day of April, 2009.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] In *Rivera*, the Eleventh Circuit found that a dismissal of a lawsuit for lying "under penalty of perjury about the existence of a prior lawsuit" properly counts as a "strike." 144 F.3d at 731. "[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)." *Id.*

4